IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JERRY KING, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:04-CV-107 (RLH)** |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**ORDER**

The plaintiff herein filed an application for a period of disability, Disability Insurance benefits, and Supplemental Security Income benefits in May of 1997. This court remanded the case with instructions to the ALJ to further consider plaintiff's residual functional capacity and to obtain evidence from a vocational expert. A hearing was held on November 7, 2001, but was continued because the ALJ opined that the plaintiff had added a new allegation of panic disorder, and adjourned the hearing to obtain a psychological evaluation. The hearing reconvened on October 21, 2002 with a vocational expert present. In a decision dated February 11, 2003, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit

Court of Appeals.  28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve

months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

   The ALJ concluded that plaintiff had "severe" impairments of mild thoracic scoliosis, degenerative disc changes in the cervical and lumbar spine,  hypertension that is controlled with medication, agoraphobia and panic attacks, but that he was not disabled.  The ALJ concluded plaintiff retained the residual functional capacity (RFC) to perform the physical exertion and nonexertional requirements of sedentary work with a sit/stand option, and is capable of only low-stress work with only occasional contact with the public. Based upon vocational expert (VE) testimony, the ALJ found plaintiff could perform various jobs within this RFC, including ticket checker, document preparer, microfilming, and addresser.

*Credibility*

   Plaintiff states the ALJ erred in concluding that his subjective complaints of disabling symptoms were not credible to the extent alleged.[1]  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to

---

[1] Although plaintiff does not point with any specificity to an error on the part of the ALJ, the undersigned will consider his arguments as a whole.

establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. Holt v. Sullivan, supra at page 1223; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action. When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision." Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The ALJ found Plaintiff had severe impairments, but that the objective medical and diagnostic testing, including x-ray and MRI imaging did not confirm that plaintiff's subjective complaints are disabling. Plaintiff's degenerative disc condition has consistently been described as "mild" and no treating source has recorded objective findings that support plaintiff's subjective complaints (Tr. 284-306). Furthermore, the ALJ noted several inconsistencies in

4

plaintiff's testimony regarding his ability to sit and his daily activities (Tr. 235). The ALJ also rejected plaintiff's subjective complaints in part because of his conservative treatment. The regulations and SSR 96-7p recognize that treatment is a factor that should be considered. See 20 C.F.R. § 404.1529(C)(2)&(3); SSR 96-7p, 61 Fed. Reg. 324483 (1996).

*Treating Physicians*

Plaintiff states that the ALJ essentially discounted all medical evidence of record, including the opinions of the state agency physicians, in favor of the consultative neurological evaluation by Dr. Vaughn, in which plaintiff states he was seen for 10 to 15 minutes, and relied upon the consultative psychological examination performed by Terry Lowe, PhD, when that individual has a degree in something other than psychology.[2]

The Eleventh Circuit Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician. See Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985). "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

The ALJ discounted the residual functional capacity assessment form completed by Dr. Grow, a general practitioner, in November 2001. (Tr. 282-83). Dr. Grow treated Plaintiff from October 1998 until September 2001 for back pain complaints (Tr. 281-306). According to this

---

[2]Plaintiff's brief summarily argues, without specific citation to the transcript or to sufficient case law that the ALJ discounted the treating physician who plaintiff does not specifically identify and either incorrectly substituted his own opinion or accepted the opinion of two consultative examiners.

form, plaintiff's functional limitations preclude him from even engaging in sedentary work (Tr. 282). Dr. Grow did not provide any detailed explanation to support this conclusion, other than a reference to an MRI and "severe osteoarthritis" (Tr. 283).

The ALJ was not obligated to accept this statement from Dr. Grow. In Mason v. Shalala, 994 F.2d 1058, 1065 (3rd Cir. 1993), the court found that "form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." See Spencer o/b/o Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)(rejecting an opinion from a non-examining physician who merely checked boxes on a form without providing any explanation of his conclusions).

The ALJ found that the objective testing results noted in Dr. Grow's records indicate mild disc degenerative changes in plaintiff's spine , but not severe osteoarthritis as noted by Dr. Grow in  November 2001 (Tr. 232, 284). In addition, no diagnostic imaging has shown any disc herniation, nor do any of the examination records indicate plaintiff has any limitations in his range of motion (Tr. 284-306). Although plaintiff complained of back pain, he was treated conservatively with medication. Conservative treatment may provide substantial evidence to support an ALJ's finding of not disabled. See Wolfe v. Chater, 86 F.3d 1072 (11th Cir. 1995).

Dr. Houston, a psychiatrist, began treating plaintiff in 2002 at the Behavioral Health Services of South Georgia..  Dr. Houston diagnosed panic attacks with agoraphobia and treated plaintiff with medication (Tr. 353). Dr Houston also completed a check-box form in November 2002 indicating plaintiff cannot work based on his mental health condition (Tr. 409-410). Dr. Houston submitted a letter advising that plaintiff was treated with medication for panic attacks and agoraphobia. Dr. Houston also indicated plaintiff's self-reported history of anxiety and panic

attacks, but did not indicate any observable limitations other than a flat mood (Tr. 410).

The ALJ properly discounted Dr. Houston's disability opinion. A treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence. See Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990). Opinions offered any medical source on issues such as whether the individual is disabled under the Act are not medical issues relating to the nature and severity of the individual's impairments. Rather, they are administrative findings dispositive of a case and hence reserved to the Commissioner. See Social Security Ruling 96-5p.

The ALJ properly evaluated the consultative reports from Dr. Vaughan, a neurologist, in finding plaintiff not disabled, although the ALJ found that plaintiff did in fact have both exertional and non-exertional physical limitations (Tr. 340-42). Dr. Vaughan reported plaintiff's neurological examination was normal, with 5/5 motor strength throughout, normal reflexes, and normal sensation (Tr. 335).  There was no evidence of muscle atrophy and plaintiff's fine and gross motor coordination was normal (Tr. 334-35). Although Dr. Vaughan did not find any functional limitations, the ALJ found that plaintiff was limited to sedentary work with additional limitations, based on the objective diagnostic reports of record indicating plaintiff had mild degenerative changes in the spine (Tr. 237).

Plaintiff also implies that Dr. Lowe should not be considered a medical source because he is not a medical doctor and has a degree in another field. That "other field" is, according to the Commissioner, psychology and Dr. Lowe is considered a qualified medical source under the regulations. The Code of Federal Regulations distinguishes between those opinions coming from "acceptable medical sources" and those coming from "other sources." 20 C.F.R. §§404.1513,

416.913. Acceptable medical sources include licensed physicians and licensed psychologists, such as Dr. Lowe. Id. Dr. Lowe evaluated plaintiff and concluded he did not have any mental limitations but noted he is lacking in work-motivation because he perceives himself as physically disabled (Tr. 331). The ALJ, while according Dr. Lowe some weight, ultimately concluded that plaintiff did have a severe mental impairment that impacted upon his RFC. Specifically, the ALJ found plaintiff's panic attacks and agoraphobia would limit his ability to interact with the general public (Tr. 232).

The ALJ properly evaluated the medical evidence in concluding that plaintiff was not disabled. The undersigned may not re-weigh the evidence. <u>Bloodsworth</u>, 703 F.2d at 1239.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 28th day of March, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd